UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH W., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 23-cv-1651-DDL <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*** <br><br> **[Dkt. No. 4]** |

On September 7, 2023, Plaintiff Elizabeth W. ("Plaintiff") commenced this action against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, seeking review of the Commissioner's final adverse decision denying her application for Social Security benefits. Dkt. No. 1. On the same date, Plaintiff filed an application to proceed *in forma pauperis* ("Application"). Dkt. No. 4. For the reasons stated within, the Application to proceed *in forma pauperis* ("IFP") is **GRANTED**.

A court may authorize the commencement of a suit without prepayment of the filing fee if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay the fee. *See* 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). The statute does not define "what constitutes

insufficient assets," but "'[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute.'" *Id.* (citation omitted) (alteration in original). However, a plaintiff who seeks to proceed IFP "must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

In her Application, Plaintiff declares that during the past 12 months, her total average monthly income was $200 per month in the form of Cal Fresh benefits.[1] *See* Dkt. No. 4 at 1-2, 4. Plaintiff states that she received $0 per month from all other listed sources of income. *Id*. at 1-2. Plaintiff indicates that she is not employed because she is "disabled and can't work," and lists no prior employment within the past two years. *Id*. at 2, 5. She further indicates that she has $25 in a checking account; does not own any assets, such as a home or motor vehicle; is not owed money by any person, business, or organization; and that no other person relies on her for support. *Id*. at 2-3. Plaintiff's monthly expenses include $200 for food which is paid for by Cal Fresh benefits, and $40 for medication-related health insurance expenses.[2] *Id*. at 2, 5. Plaintiff lists $0 for all other expenses. *Id*. at 4-5. Although Plaintiff indicates that she will pay an attorney for services in connection with this case, she notes that the attorney will represent her on a "contingency fee basis under the Social Security Act and/or the Equal Access to Justice Act." *Id*. at 5.

---

[1]   In the income section of the Application, Plaintiff states that her average income in the past 12 months was $0 per month for all listed sources, including public assistance. Dkt. No. 4 at 1-2. However, in the expenses section of the Application, Plaintiff states that she spends $200 per month on food and includes the note "Cal Fresh" in the box. *Id*. at 4. The Court construes this notation as a reference to Plaintiff's receipt of $200 per month in Cal Fresh benefits which cover her food expenses, and therefore includes it as a source of public assistance-based income.

[2]   Plaintiff states she has $0 in medical or dental expenses but indicates that her monthly health insurance expenses include $40 and includes the note "medication." Dkt. No. 4 at 4. It is unclear what Plaintiff intended by making the note "medication" in conjunction with her health insurance expenses, but for purposes of evaluating the Application, the Court construes this as an indication that Plaintiff pays $40 per month for health insurance to cover the cost of medication.

Plaintiff has demonstrated sufficient need to warrant an order granting the Application. The record reflects that Plaintiff is currently unemployed and has not been employed within the previous two years. Her sole source of income is $200 in Cal Fresh benefits to cover food expenses, and her eligibility for such benefits lends further support to the Court's decision to grant her Application. Furthermore, although it is unclear whether or how Plaintiff pays for $40 per month in health insurance expenses without an income, the totality of Plaintiff's circumstances indicates that the civil filing fee of $402 exceeds her income. Requiring Plaintiff to pay any filing fee would severely burden Plaintiff's ability to afford the basic necessities of life. For the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 10, 2023

_____
Hon. David D. Leshner
United States Magistrate Judge